# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **JERRY BARNES,** | * | | |
| | * | | |
| Petitioner | * | Crim. No. | PJM 06-0178 |
| | * | Civil No. | PJM 16-2272 |
| v. | * | | |
| | * | | |
| **UNITED STATES OF AMERICA,** | * | | |
| | * | | |
| Respondent. | * | | |

## MEMORANDUM OPINION

Jerry Barnes, through counsel, has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF No. 78. For the reasons stated below, the Court **DENIES** his Motion.

On April 28, 2006, Barnes pled guilty to one count of possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(l). On November 2, 2010, this Court sentenced him to a term of 84 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1. The Court made this determination after adopting the finding of Barnes' presentence report indicating that he had at least two qualifying prior convictions that supported the career offender enhancement. Specifically, the Court found that Barnes had two Maryland convictions for robbery with a deadly weapon and assault with intent to disable that qualified as "crimes of violence."

After receiving two extensions, Barnes filed a Motion for Writ of Habeas Corpus under 28 U.S.C. § 2255 seeking to vacate his sentence of 84 months, ECF No. 41, which the Court denied on various procedural and substantive grounds on May 8, 2014. ECF Nos. 74, 75. The Court also declined to issue a Certificate of Appealability, and Barnes did not file an appeal. ECF No. 75.

1

On February 29, 2016, the Office of the Federal Public Defender notified Chief Judge Blake of the District Court of Maryland that Barnes was one of 459 defendants it had identified as possibly being eligible for relief under 28 U.S.C. § 2255 on the grounds that the new rule of constitutional law announced in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), might apply to his case. ECF No. 76. Chief Judge Blake agreed and appointed the Federal Public Defender to assist Barnes in preparing a second § 2255 proceeding. *Id.*

Barnes then filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) in the Fourth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion. ECF No. 77. On June 21, 2016, the Fourth Circuit granted him authorization (*id.*), and on June 22, 2016, the present motion was filed. ECF No. 78. The Government did not file a response.

Barnes argues that, in light of the Supreme Court's recent decision in *Johnson*, he is no longer a career offender, since his two prior convictions for robbery with a deadly weapon and assault with intent to disable no longer qualify as career offender predicates. In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Barnes argues that it follows from *Johnson* that the identical residual clause in the career offender provision of the Sentencing Guidelines (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. However, on March 6, 2017, the Supreme Court held in *Beckles v. United States*, __ U.S.__, 137 S. Ct. 886 (2017) that *Johnson* does not apply to U.S.S.G. § 4B1.2(a)(2) because, unlike the ACCA, the Guidelines are advisory only. Thus, challenges under § 2255 to sentences imposed under the sentencing guidelines are not subject to *Johnson* challenges.

Since Barnes' motion rests entirely on the argument that *Johnson* applies to his claim, the Court **DENIES** his Motion to Correct Sentence Under 28 U.S.C. § 2255.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 27, 2017**